## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| **CAROLINE VELAZQUEZ**<br><br>Plaintiff(s)<br><br>v.<br><br>**NOVO NORDISK INC.**<br>**NOVO NORDISK A/S**<br><br>Defendant(s). | COMPLAINT AND JURY DEMAND CIVIL<br><br>ACTION NO.: _____ |

## SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503-1).

## IDENTIFICATION OF PARTIES

**Plaintiff(s)**

      1.     Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s):  Caroline Velazquez                                                    .

      2.     If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: Not Applicable                                                          , as  Not Applicable                of the estate of  Not Applicable               , deceased.

      3.     If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): Not Applicable                                                  .

      4.     If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services:      Not Applicable                                                .

**Defendant(s)**

      5.     Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

           x     Novo Nordisk Inc.

           x     Novo Nordisk A/S

           _____  Eli Lilly and Company

           _____  Lilly USA, LLC

           _____  other(s) (identify): _____

## JURISDICTION AND VENUE

6.      City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

Poughkeepsie, New York

7.      State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

New York

8.      State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

New York

9.      City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

Poughkeepsie, New York

10.     Jurisdiction is based on:

X_____   diversity of citizenship pursuant to 28 U.S.C. § 1332

_____   other (plead in sufficient detail as required by applicable rules):

_____

_____

11.     The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

Southern District of New York

12.     Venue is proper in the District Court identified in Paragraph 11 because:

x_____   a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

3

_____ other (plead in sufficient detail as required by applicable rules):

_____

_____

13.    If applicable, identify the citizenship of any additional Defendant(s) named above:

_____

**PRODUCT USE**

14.    Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

X        Ozempic (semaglutide)

\_\_\_\_\_    Wegovy (semaglutide)

\_\_\_\_\_    Rybelsus (oral semaglutide)

\_\_\_\_\_    Victoza (liraglutide)

\_\_\_\_\_    Saxenda (liraglutide)

\_\_\_\_\_    Trulicity (dulaglutide)

\_\_\_\_\_    Mounjaro (tirzepatide)

\_\_\_\_\_    Zepbound (tirzepatide)

\_\_\_\_\_    Other(s) (specify): _____

15.    To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

      1/2023-12/2023

5

## **INJURIES AND DAMAGES**

16.     To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s),

Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

<u>x</u>____ Gastroparesis

_____ Other gastro-intestinal injuries (specify)

_____ Ileus

_____ Ischemic Bowel/Ischemic Colitis

_____ Intestinal Obstruction

_____ Necrotizing Pancreatitis

_____ Gallbladder Injury (specify) _____

_____ Micronutrient Deficiency

_____ Wernicke's encephalopathy

_____ Aspiration

_____ Death

_____ Additional/Other(s) (specify): _____

17.     Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

9/2023 _____

_____

_____

_____

18.     In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

<u>X</u>____ Injury to self

_____ Injury to person represented

<u>X</u>____ Economic loss

_____ Wrongful death

_____ Survivorship

_____ Loss of services

_____ Loss of consortium

_____ other(s) (specify): _____

**CAUSES OF ACTION**

19.    In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

    X     Count I:     Failure to Warn – Negligence

    X     Count II:    Failure to Warn – Strict Liability

    X     Count III:   Breach of Express Warranty/Failure to Conform to Representations

    X     Count IV:   Breach of Implied Warranty

    X     Count V:    Fraudulent Concealment/Fraud by Omission

    X     Count VI:   Fraudulent/Intentional Misrepresentation

    X     Count VII:  Negligent Misrepresentation/Marketing

    X     Count VIII: Strict Product Liability Misrepresentation/Marketing

    X     Count IX:  Innocent Misrepresentation/Marketing

    _____  Count X:    Unfair Trade Practices/Consumer Protection (see below)

    X     Count XI:   Negligence

    _____  Count XII:  Negligent Undertaking

    _____  Count XIII: State Product Liability Act (see below)

    _____  Count XIV: Wrongful Death

    _____  Count XV:  Loss of Consortium

    _____  Count XVI: Survival Action

    _____  Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

_____

_____

_____

_____

20.    If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or

consumer protection statutes of any jurisdiction as identified in Count X above:*

      a.    Indicate the specific statute (including subsections) under which Plaintiff(s)

        is/are bringing such claims:

        N/A

      b.    Identify the factual allegations supporting those claims (by subsection, if

        applicable):

        N/A

***\* Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.***

21.     If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act

("PLA") of any jurisdiction as identified in Count XIII above:*

      a.   Indicate the specific statute (including subsections) under which Plaintiff(s)

          is/are bringing such claims:

          N/A
_____

_____

_____

      b.   Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent

          failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

          N/A
_____

_____

_____

      c.   Identify the factual allegations supporting those claims:

          N/A
_____

_____

_____

***\* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.***

22.     If pre-suit notice is required by statute, did Plaintiff(s) provide some form of

separate pre-suit notice to Defendant(s)? <u>Not required</u>.  If so, attach such notice.

10

## **RELIEF**

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## **JURY DEMAND**

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date: <u>January 29, 2026        </u>

By:

<u>        /s/ Craig Silverman, Esq.        </u>

<u>        NY Atty ID: 4290472        </u>

<u>        Sullivan Papain Block McManus        </u>
Coffinas & Cannavo P.C.

<u>        120 Broadway Floor 27 NY, NY 10271        </u>

<u>        csilverman@triallaw1.com        </u>

<u>        212-266-4125        </u>

11